# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ, | Case No. 1:10-cv-00858 LJO DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS |
| v. | [ECF Nos. 82, 86] |
| HUBBARD, et al., | |
| Defendants. | |

Plaintiff Luis Valenzuela Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2010. This action is proceeding on Plaintiff's Third Amended Complaint ("TAC") against Defendants Hubbard, Cate, Harrington, Biter, Soto, Phillips, Da Veiga, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alic, Grissom, Speidell, Davis, Foster, Freir, and Rankin ("Defendants") on claims of violation of the Free Exercise Clause of the First Amendment, violation of the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

To date, Plaintiff has not effected service on Defendants Hubbard, Cate, Harrington, Soto, Grissom, Davis, Foster, and Freir.

On May 2, 2014, Plaintiff filed a document entitled "Ex Parte Notice of Obstructions and

Basic Denials of Meaningful Access to the Court and Litigation Process by Prison Officials' Retaliatory Actions Requiring Stay of Proceedings and/or Appointment of Counsel and to Facilitate Late Service of Defendants Hubbard and Cate." In said pleading, Plaintiff makes numerous vague allegations of wrongdoing by individuals at Corcoran Substance Abuse Treatment Facility ("CSATF"). Plaintiff does not ask for any relief except what is stated in the caption of the document. As to the relief requested in the caption, the Court does not find good cause for a stay of the proceedings and therefore the request for stay will be denied. If Plaintiff experiences difficulties complying with a deadline, he may request an extension of time.

Plaintiff also requests the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. In the present case, the Court does not find the required exceptional circumstances. The Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel will be denied.

Plaintiff also requests that the Court "facilitate late service of Defendants Hubbard and Cate." Plaintiff does not make clear what he is requesting here. On May 29, 2014, Plaintiff filed another motion entitled "Ex Parte Motion for New Service Order for Summons and Complaint to be Served upon Defendants Hubbard, Cate and successors, and for Court Specific Order Clarifying Court's Requirements and Plaintiff's Rights of Litigation, and Verification of 90-day Extension of Time Previously Requested and Request Court Service Assistance." Plaintiff is not proceeding in forma pauperis and is therefore responsible for serving Defendants in accordance

1  with Rule 4 of the Federal Rules of Civil Procedure.  On October 1, 2012, Plaintiff was ordered to
2  serve Defendants within one hundred twenty (120) days.  Although it appears Plaintiff attempted
3  service on Defendants Hubbard, Cate, Harrington, Soto, Grissom, Davis, Foster, and Freir, there is
4  no evidence in the record demonstrating that Plaintiff has effected service on those defendants.  By
5  separate order, the Court will direct Plaintiff to show cause why those defendants should not be
6  dismissed.

**ORDER**

Based on the foregoing, Plaintiff's motions [ECF Nos. 82, 86] are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2014**            /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE