# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ, | Case No.  1:10-cv-00858 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| HUBBARD, et al., | (Doc. 78) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

Plaintiff Luis Valenzuela Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2010.  This action is proceeding on Plaintiff's third amended complaint against Defendants Hubbard, Cate, Harrington, Biter, Soto, Phillips, Da Veiga, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alic, Grissom, Speidell, Davis, Foster, Freir, and Rankin ("Defendants") on claims of violation of the Free Exercise Clause of the First Amendment, violation of the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

To date, Plaintiff has not effected service on Defendants Hubbard, Cate, Harrington, Soto, Grissom, Davis, Foster, and Freir.

On April 21, 2014, Plaintiff filed a motion for preliminary injunction.  Defendants filed an

1  opposition to the motion on May 8, 2014.  Plaintiff filed a reply on July 17, 2014.  The motion is

2  deemed submitted pursuant to Local Rule 230(l).

3  **DISCUSSION**

4  **A.    LEGAL STANDARD**

5      The purpose of a preliminary injunction is to preserve the status quo if the balance of

6  equities so heavily favors the moving party that justice requires the court to intervene to secure the

7  positions until the merits of the action are ultimately determined.  University of Texas v.

8  Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

9  "demonstrates either (1) a combination of probable success and the possibility of irreparable harm,

10  or (2) that serious questions are raised and the balance of hardship tips in its favor."  Arcamuzi v.

11  Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff

12  "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not

13  issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the

14  plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to

15  require litigation."  Id.

16      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

17  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102

18  (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454

19  U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the

20  court does not have an actual case or controversy before it, it has no power to hear the matter in

21  question.  Id.  "A federal court may issue an injunction if it has personal jurisdiction over the

22  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of

23  persons not before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th

24  Cir. 1985).

25  **B.    ANALYSIS**

26      In his motion, Plaintiff sets forth a narrative account of the manner in which his rights have

27  allegedly been violated while housed at several different prisons.  The motion contains numerous

28  vague alleged wrongdoings by many individuals at those prisons.  Plaintiff complains that these

individuals have continued their retaliatory actions at Plaintiff's current institution, Corcoran Substance Abuse Treatment Facility ("CSATF"), thereby deliberately attempting to create situations and circumstances which have a high probability of resulting in physical harm and assaults to Plaintiff.  Plaintiff seeks to enjoin those individuals at Corcoran Substance Abuse Treatment Facility from allegedly violating his rights.

The Third Amended Complaint ("TAC") concerns allegations of First and Fourteenth Amendment violations by certain individuals at Kern Valley State Prison ("KVSP"). The TAC names members of KVSP staff and California Department of Corrections and Rehabilitation ("CDCR") administrators as Defendants.  Thus, as Defendants correctly argue, the Court does not have personal jurisdiction of the individuals at CSATF and it cannot issue an order requiring them to take any action.  Zepeda, 753 F.2d at 727.  To the extent Plaintiff seeks to enjoin CDCR Administrators Hubbard and Cate, Plaintiff has not effected service on them, and they have not appeared in this action.  Therefore, the Court does not have personal jurisdiction over Defendants Hubbard or Cate as well.  Moreover, Plaintiff has not demonstrated a likelihood of success on the merits, nor has he demonstrated that irreparable harm is likely in the absence of an injunction.

///

///

///

///

///

///

///

///

///

///

///

///

///

**RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 25, 2014**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE

4