UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HUBBARD, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-00858 LJO DLB PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>[ECF No. 110] |

    Plaintiff Luis Valenzuela Rodriguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his Complaint on May 5, 2010. This action is proceeding on Plaintiff's third amended complaint against Defendants Biter, Phillips, Da Veiga, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alic, Speidell and Rankin ("Defendants") on claims of violation of the Free Exercise Clause of the First Amendment, violation of the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

    On January 30, 2015, the Court issued a Discovery and Scheduling Order and set the deadline for discovery to June 29, 2015.

    On February 9, 2015, Plaintiff filed a motion requesting the issuance of subpoenas duces tecum. Defendants did not file an opposition. First, Plaintiff seeks a subpoena directed to the Warden

1

of Salinas Valley State Prison ("SVSP") in order to secure a legal notebook that Plaintiff claims contains numerous names and CDCR identification numbers of inmate witnesses concerning the claims in his complaint.  The Warden of SVSP is not party to this action.  Plaintiff states he has made numerous attempts to reacquire the notebook from the Warden of SVSP via CDCR-22 form requests, letters, and 602 appeals, but they have all been ignored or rejected.  Second, Plaintiff seeks subpoenas duces tecum for various documents seized by officials at Mule Creek State Prison, Kern Valley State Prison, Salinas Valley State Prison, Corcoran Substance Abuse Treatment Facility, and California Medical Facility.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

In this case, Plaintiff's request for a subpoena duces tecum directed to the Warden of Salinas Valley State Prison will be granted.  Plaintiff has shown that the notebook is not available to him and his requests to obtain it have been rejected or ignored.  In addition, since the Defendants in this action are employees of Kern Valley State Prison, a request for production of documents directed to Defendants would be futile since they do not have care, custody or control of the document.

However, Plaintiff's requests for subpoenas duces tecum directed to "prison officials at Mule Creek State Prison (MCSP), Kern Valley State Prison (KVSP), Salinas Valley State Prison (SVSP), CSATF prison and CMF prison" for production of "various legal files/documents" will not be granted.

Plaintiff's vague reference to "prison officials" does not sufficiently identify an individual to whom a subpoena may be directed.  See Fed. R. Civ. P. 45.  In addition, Plaintiff's vague reference to various legal files and documents does not sufficiently specify the documents that Plaintiff seeks.  Also, Plaintiff fails to detail any of his efforts in seeking these documents, whatever they may be.

Accordingly, the Court finds that it is in the interest of justice to authorize the issuance of a subpoena duces tecum commanding the Warden at Salinas Valley State Prison to produce Plaintiff's "legal notebook."

**ORDER**

Plaintiff's motion for subpoenas duces tecum is GRANTED in part, and the Court authorizes the issuance of a subpoena duces tecum directing the Warden at Salinas Valley State Prison to produce the following document:

**Plaintiff's "legal notebook" containing numerous names and CDCR identification numbers of inmate witnesses and others.**

Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will be issued after the passage of ten (10) days from the date of service of this order.  The Clerk's Office shall serve a copy of the subpoena with this order.

IT IS SO ORDERED.

Dated:   **March 20, 2015**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE