UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>HUBBARD, et al.,<br><br>          Defendants. | Case No.: 1:10-cv-00858 LJO DLB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING OUTCOME OF MOTION FOR SUMMARY JUDGMENT BASED ON EXHAUSTION<br>[ECF No. 133]<br><br>ORDER DISMISSING AS MOOT PLAINTIFF'S MOTION TO STAY HIS REQUIREMENT TO PROVIDE DISCOVERY RESPONSES PENDING RULING ON MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 137] |

     Plaintiff Luis Valenzuela Rodriguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint against Defendants Biter, Phillips, Da Viega, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alic, Speidell and Rankin on claims of violation of the Free Exercise Clause of the First Amendment, violation of the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

1

On January 30, 2015, the Court issued a Discovery and Scheduling Order.  (ECF No. 109.) According to the Order, the deadline for the parties to complete discovery was set for June 29, 2015, and the deadline to file dispositive motions was set to August 27, 2015.  Since then, the Court has extended the deadline to complete discovery to October 30, 2015, and the deadline to file dispositive motions to December 28, 2015.

On April 29, 2015, Defendants filed a motion for summary judgment based on exhaustion. Plaintiff was granted three extensions of time to file an opposition to the motion.  The deadline was moved to August 17, 2015, and Plaintiff did not timely file an opposition.

On July 22, 2015, Defendants filed a motion for stay of discovery pending the outcome of their motion for summary judgment based on exhaustion since a ruling on the motion could dispose of the entire action.  After being granted an extension of time, on August 27, 2015, Plaintiff filed an opposition to the motion for stay.  Defendants filed a reply to the opposition on August 28, 2015.  In addition, Plaintiff filed a motion to stay the requirement that he provide discovery responses pending a ruling on Defendants' motion for summary judgment.

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

In this case, the Court finds good cause to stay discovery pending a ruling on the motion for summary judgment. Defendants persuasively argue that the motion for summary judgment could dispose of the entire action thereby mooting discovery. Plaintiff argues that discovery should be allowed since he requires discovery in order to oppose the motion for summary judgment. However, Defendants are correct that the deadline for filing an opposition has already passed and therefore the request to conduct discovery to oppose Defendants' motion is moot. Moreover, Plaintiff's arguments are not convincing in light of the fact that he has also filed a motion which requests a stay of discovery with respect to his responses pending a ruling on the motion for summary judgment. Plaintiff raises the same concerns of unnecessary time and resources that may be expended if discovery continued pending a ruling on the motion for summary judgment. In light of the above, the Court finds good cause to stay discovery. Fed. R. Civ. P. 26(c).

Accordingly, IT IS HEREBY ORDERED:

1) Defendants' motion to stay discovery pending a ruling on Defendants' motion for summary judgment based on exhaustion is GRANTED;

2) Discovery is STAYED pending resolution of Defendants' motion for summary judgment; and

3) Plaintiff's motion for stay of discovery his discovery responses is DISMISSED as moot.

IT IS SO ORDERED.

Dated:   **September 1, 2015**                    /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE