# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HUBBARD, et al.,<br><br>    Defendants. | Case No. 1:10-cv-00858 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 117]<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Luis Valenzuela Rodriguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint against Defendants Biter, Phillips, DaViega, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alec, Speidell and Rankin on claims of violation of the Free Exercise Clause of the First Amendment, violation of the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

Defendants DaViega, Phillips, Betzinger, Gregory, Garza, Speidell, Ozaeta, Wegman, Biter, Alec, and Rankin filed the instant motion for summary judgment for failure to exhaust on April 29, 2015. Plaintiff filed his opposition on October 13, 2015, and Defendants filed a reply on October 20, 2015. The motion is ready for decision pursuant to Local Rule 230(l).

///

1

**A.    SUMMARY OF THIRD AMENDED COMPLAINT**

Plaintiff was previously incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff's complaint is composed of three claims.

**1.    Religious Practice**

Plaintiff arrived at KVSP on February 11, 2009. Pl.'s Third Am. Compl. ("TAC") ¶ 1. Plaintiff has been a participant in the enhanced outpatient program ("EOP") for mental health care. Since 1994, Plaintiff has been recognized as a sacred "pipe holder" in CDCR. Id. ¶ 4. Plaintiff used tobacco as an essential herb in his daily smoking for sacred prayer. Id. ¶ 5. Plaintiff owned his own sacred prayer pipe within the CDCR since May of 2001. Id. ¶ 6. Plaintiff provided Defendants with documents dated 2001 through 2009 verifying possession and ownership and possession of prayer pipe, pipe bags, hawk wings, and owl wings. Id. ¶ 7.

Defendants refused to enforce state and federal laws which established rights protecting Native American religious practices and sacred religious artifacts from February 11, 2009 to February 11, 2012. Id. ¶¶ 8, 9. Plaintiff submitted 602 inmate grievances complaining of sweat lodge access, sacred pipe ceremonies, ceremonial tobacco use, lack of access to a Native American spiritual advisor/chaplain, and not providing Native American religious services for KVSP administrative segregation. Id. ¶¶ 9, 10. Plaintiff resubmitted his grievance on March 2, 2009. Defendant Garza threatened Plaintiff with removal from the EOP program for the filing of the 602 grievances. Id. ¶ 11.

On March 24, 2009, Defendant Garza confiscated Plaintiff's sacred pipe, sacred pipe bag, enclosed medicine bundle, two sacred hawk wings, two sacred owl wings, loose eagle feathers and a few spiritual necklaces. Id. ¶ 12. Plaintiff complains that Defendant Garza mishandled and wrongfully confiscated sacred religious artifacts. Id. Defendant Garza informed Plaintiff that all his religious artifacts would be discarded unless Plaintiff signed a statement that he authorized withdrawal from his prison account to send his items. Id. ¶ 22. Plaintiff complied with the demand rather than have the religious items discarded. Id. ¶ 25.

Plaintiff provided Defendant Garza with a 602 inmate grievance on March 25, 2009. Id. ¶ 27.

Defendant Garza told Plaintiff that he did not accept 602 inmate grievances, and told Plaintiff to set it down on the chair in the C-8 block's captain's office. Id. ¶ 28. Defendant Garza later told Plaintiff that he could not get his stuff because he kept filing complaints. Id. ¶ 30. Defendant Garza stated that he would talk to Freir and have Plaintiff removed from EOP. Id. ¶ 31. Plaintiff informed other Native American inmates, who would contact Captain Soto and Defendant Phillips. Id. ¶ 34.

Plaintiff spoke to Defendant Ozaeta and informed him of the problem; he stated that he had already been informed by Defendant Garza and had told Defendant Garza that he could do whatever he wanted to do with the Indian stuff. Id. ¶ 35. Captain Soto and Lieutenant Phillips acquired possession of Plaintiff's religious artifacts and told Plaintiff that they would hold the items while they looked into the problem. Id. ¶ 36.

Plaintiff was finally able to get a 602 grievance accepted and processed on January 17, 2010, which was denied by Defendant Betzinger on March 24, 2010; submitted on April 15, 2010, and partially granted by Grissom and Defendant Gregory on May 19, 2010; submitted on May 25, 2010, and denied at the second level by Defendant Biter on June 18, 2010; and submitted June 25, 2010, and denied at the third level by Davis and Foster on October 8, 2010, specifically concerning the wrongful confiscation and deprivation of the religious artifacts. Id. ¶ 40.

On August 27, 2010, Defendants Wegman and Alec required Plaintiff to provide them an address to mail his sacred pipe, hawk and owl wings, and a few loose feathers, or the items would be destroyed. Id. ¶ 45. Defendants Wegman and Alec refused to provide Plaintiff with a reason for refusing to return the artifacts to Plaintiff, or allow him periodic access or use of the artifacts. Id. ¶ 46. Plaintiff was continually told by Defendants Garza, Betzinger, Gregory, Speidell, Wegman, and Alec that Plaintiff brought on the confiscation and total deprivation because of his filing on March 2, 2009. Id. ¶ 47.

Plaintiff further alleges that Defendants Biter, Phillips, DaVeiga, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alec, and Speidell were informed of and knew that their actions deprived Plaintiff of the use of sacred prayer pipe, weekly sweat lodge ceremonies, and possession of the wings/feathers. Id. ¶ 74. Plaintiff was denied Native American religious services between December 12, 2009 and February 1, 2012. Id. Plaintiff received only one sweat lodge service between February

2009 and October 2009, and no sweat lodge services from November 2009 to February 2012. Id. Plaintiff also complains that Defendants denied him access to a spiritual advisor, with access once between February 2009 to June 2009 and no access from December 2009 to February 2012. Id. Plaintiff complains that other religious groups, such as Catholics and Protestants, have weekly services, while Native American religious groups were denied regular, established practices of weekly sweat lodge services or sacred pipe ceremonies. Id. ¶ 76.

### 2. Processing Appeals

Plaintiff's grievance, KVSP-0-09-00980, first submitted on March 2, 2009, had to be submitted multiple times because it was continuously rejected by Defendant DaViega, who used exaggerated excuses to prevent process and exhaustion. Id. ¶ 48. Defendant DaViega rejected the grievance seven times, and the grievance disappeared after Plaintiff re-submitted it for the eighth time. Id. ¶ 49. Plaintiff submitted an administrative notice on October 25, 2009, directly to Harrington concerning the conduct of his subordinates in refusing to respond to 602 inmate grievances. Harrington did not provide any response. Id. ¶ 53.

### C. Inmate Attack

On December 12, 2009, Plaintiff was stabbed by two purported Native American inmates on the KVSP facility C yard. Id. ¶ 55. Plaintiff as the sacred pipe holder was obligated, as stated by other inmates, to protect the sanctity of the pipe from desecration or wrongful confiscation with violence if necessary. Id. ¶ 57. Plaintiff had complained to Freir and Rankin and other KVSP staff that his life and safety were placed in danger between February 2009 and December 2009. Id. ¶ 58. As a result of this attempted murder, Plaintiff was stabbed numerous times in his face, head, eye, and back, and suffered a punctured lung. Id. ¶ 59. Plaintiff was also kicked in the head and face, suffering a swollen face, months of dizzy spells, and continued headaches. Id. ¶ 60. Freir and Rankin stated that in response to Plaintiff filing 602 inmate complaints against Freir, Rankin, and Garza, they removed Plaintiff from the EOP status in May 2009. Id. ¶ 63. This removal came in spite of numerous pleas by Plaintiff to remain in EOP, and knowingly exacerbated the threat of physical harm to Plaintiff. Id. ¶ 64. Plaintiff went on suicide watch twice in fear of being attacked. Id. ¶¶ 65, 66. After the attack, Plaintiff remained in administrative segregation from December 2009 to August

4

2010 pending transfer to another prison. Id. ¶ 68. Plaintiff suffered certain deprivations while in administrative segregation. Id. ¶ 69.

Plaintiff contends a violation of the First, Eighth, and Fourteenth Amendments. Plaintiff requests declaratory relief, nominal, compensatory, and punitive damages, and appropriate injunctive relief.

**B.    LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendants carry this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**C.    UNDISPUTED FACTS**

Four appeals were submitted and accepted for review relating to the issues presented in the TAC.

*Appeal Log No. KVSP-O-09-00980*

On June 23, 2009, Plaintiff's appeal KVSP-O-09-00980 was accepted and assigned. Tarnoff Decl. ¶ 9, Ex. B. The appeal concerned the denial or lack of Native American religious services at

1  KVSP.  The appeal did not mention equal protection or the lack of access compared to other
2  religions.  On July 10, 2009, the appeal was partially granted at the First Level.  Id.  The appeal stated
3  that KVSP had hired a Native American Spiritual Leader who would be conducting sweat services in
4  the lodges, and religious services to all Native Americans at KVSP.  Id.  Plaintiff did not submit this
5  appeal to the Second or Third Level of Review.  Id.

*Appeal Log No. KVSP-O-10-00383*

7  Plaintiff's appeal KVSP-O-10-00383 was accepted and assigned on February 24, 2010.
8  Tarnoff Decl. ¶ 10, Ex. C.  This appeal concerned the attack on Plaintiff by two inmates which
9  occurred on December 12, 2009.  Id.  The appeal was processed as a staff complaint and bypassed to
10 the Second Level of Review.  Id.  In the appeal, Plaintiff complained that Defendants Garza, Ozaeta,
11 and Phillips committed fraud as they were involved in confiscating his sacred artifacts and refused to
12 provide Plaintiff with a receipt or documentation indicating they were confiscated.  Id.  The appeal
13 related to claims of failure to protect and/or deliberate indifference in that Plaintiff alleged that
14 Defendants Garza, Philips, and Ozaeta were responsible for the attacks due to their confiscation of
15 the sacred items.  Id.  No other Defendants were mentioned.  Id.

16 The appeal was processed to the Third Level of Review, and on July 12, 2010, the Third
17 Level Appeal Decision was issued.  Voong Decl. ¶ 8, Ex. B.

*Appeal Log No. KVSP-O-10-00815*

19 Plaintiff submitted an appeal at the Second Level concerning the confiscation of his sacred
20 pipe, hawk wings, owl wings, and other items. Voong Decl. ¶ 10, Ex. D.  Plaintiff complained that
21 his items were not returned to him after they had been used in a ceremony despite reassurances by
22 Defendant Alec.  Id.  The appeal was denied.  Id.  Plaintiff pursued the appeal to the Third Level of
23 Review.  Id.  The denial at the Third Level was issued on October 28, 2010.  Id.

*Appeal Log No. KVSP-O-10-00254*

25 This appeal relates to the attack that occurred on Plaintiff on December 12, 2009.  Voong
26 Decl. ¶ 9, Ex. C.  Plaintiff alleged that Correctional Officer Arreola used excessive force on him by
27 pepper spraying him while he was on the ground in a prone position.  Id.  The Second Level
28 Decision was issued on February 17, 2010.  Id.  Plaintiff pursued the appeal to the Third Level and

6

the appeal was denied on June 21, 2010. Id. There were no allegations relating to a claim of failure to protect and/or deliberate indifference. Id.

**D.    DISCUSSION**

    1.    Appeals Process

California law affords prisoners the right to appeal administratively any departmental decision, action, condition, or policy which they can demonstrate have an adverse effect upon their health, safety, or welfare. Cal.Code Regs. tit. 15, § 3084.1(a). Since the revision of applicable regulations effective January 28, 2011, CDCR's appeal process consists of three levels of appeal: (1) a first level appeal filed with one of the institution's appeals coordinators unless exempted; (2) a second level appeal filed with the institution head or designee; and (3) a third level appeal filed with the CDCR Appeals Chief. Cal.Code Regs. tit. 15, §§ 3084.7, 3084.8. The inmate must submit the first level appeal within 30 days of the occurrence of the event being appealed or of first having knowledge of the action or decision being appealed. Cal.Code Regs. tit. 15, § 3084.8(b). A prisoner exhausts the appeal process when he completes the third level of review. Cal.Code Regs. tit. 15, § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). A "cancellation or rejection" of an appeal "does not exhaust administrative remedies." Cal.Code Regs. tit. 15, § 3084.1(b).

    2.    Analysis

Defendants argue that the afore-mentioned four appeals were the only appeals submitted by Plaintiff relative to the claims he raised in the TAC. Plaintiff contests that these were the only appeals. Further, he contests Defendants' characterizations of the appeals.

*a. Denial or Lack of Religious Services*

With respect to Appeal Nos. KVSP-O-09-00980 and KVSP-O-10-00815, Defendants submit that these were the only appeals submitted concerning the denial or lack of religious services at KVSP. Plaintiff attempts to create a triable issue by claiming he submitted various appeals on this issue. In support, he cites to his TAC and his declaration, and further points to approximately 230 pages of documents he attaches as exhibits to his declaration. Defendants argue persuasively that Plaintiff has done no more than make a broad-based declaration, and then haphazardly attach a vast amount of documents most of which have no relation to the case in a "kitchen sink" manner. The

7

1  Court need not "examine the entire file for evidence establishing a genuine issue of fact, where the
2  evidence is not set forth in the opposition papers with adequate references so that it could be
3  conveniently found." Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).
4  Upon review of Plaintiff's submission, it is clear the documents do not carry Plaintiff's burden.

5        The cited portions of the TAC do not show that Plaintiff submitted any appeals concerning
6  the denial or lack of religious services apart from Appeal Nos. KVSP-O-09-00980 and KVSP-O-10-
7  00815. The only appeal mentioned is in fact identified by Plaintiff as KVSP-O-09-00980. Likewise
8  in the declaration, specifically pages 1-7, Plaintiff claims he submitted various appeals and did not
9  receive a response. However, Plaintiff provides no specifics on the appeals, such as when he
10  submitted them, what issue he was appealing, and the manner in which the appeal was submitted.
11  Without more, Plaintiff's allegation is insufficient to dispute the fact that KVSP-O-09-00980 and
12  KVSP-O-10-00815 were the only appeals he took concerning the denial or lack of religious services
13  at KVSP.

14        As noted above, Plaintiff also points to the exhibits he attached to his declaration. However,
15  none of these exhibits show Plaintiff attempted to appeal the denial or lack of religious services. In
16  Exhibit 1, the screen-out notices by the KVSP Appeals Coordinator provide no information on what
17  was being appealed, when the appeal was made, and whether Plaintiff received a response. The
18  remaining documents do not concern the denial or lack of religious services at KVSP, and to the
19  extent they do, they support Defendants' argument that Plaintiff did not fully pursue his
20  administrative remedies.

21        On page 12, Plaintiff's appeal pertains to a claim of hate crimes by staff at MCSP. Clearly,
22  this has no bearing on Plaintiff's claims of denial of religious services at KVSP.

23        Pages 13-17 appear to concern a loss of property at R&R during a transfer from MCSP to
24  KVSP.

25        Page 18 concerns a complaint against Rev. Diego Baptista submitted while Plaintiff was at
26  MCSP.

27        Pages 19 and 20 concern a claim of lack of medical treatment. Again, none of the afore-
28  mentioned documents have any relation to Plaintiff's claim of denial of religious services at KVSP.

1   Page 21 relates to a claim of refusal to provide Native American Religious Services;
2   however, the appeal was clearly not taken beyond the informal level. The appeal was addressed at
3   the informal level by Defendant Alec. The space provided to appeal to the formal level is left blank
4   which clearly shows the appeal was not pursued to the First Level of Review.

5   Page 22 is a screening form from MCSP dated August 2008.

6   Pages 23-24 concern an appeal over the confiscation of art.

7   Pages 25-27 are appeal forms concerning a request for transfer in May 2011.

8   Page 28 concerns a deprivation of religious artifacts that could possibly relate to Plaintiff's
9   claimed denial of religious services; however, again the form shows that Plaintiff did not pursue the
10  appeal beyond the informal level. The space provided to request an appeal at the formal level is
11  blank, which clearly shows the appeal was not pursued .

12  Page 29 is a memo that has no relation to this case.

13  Page 30 is a duplicate of Page 21, and Pages 31-32 are duplicates of Pages 23-24.

14  Pages 33-43 concern an appeal of an access to courts issue. These documents have no
15  bearing on this case and in fact are subject of another suit. See Rodriguez v. Hefflefinger, Case No.
16  1:13-cv-00231-LJO-DLB-PC.

17  Page 44 concerns an appeal related to an allegation that Plaintiff received a retaliatory
18  response to a request for medical evaluation.

19  Pages 45-47 appear to be an appeal concerning his classification and/or transfer request.
20  Thus, Exhibit 1 provides no support for Plaintiff.

21  In Exhibit 2, Plaintiff again attaches a large number of documents which have no relation to
22  his claim of denial or lack of religious services. Pages 49-93 have absolutely no relation to the case.
23  The documents concern events that occurred prior to the alleged acts or omissions in this case while
24  Plaintiff was housed at MCSP.

25  Pages 94 and 95 consist of a letter written by Plaintiff to Warden Harrington complaining of
26  problems accessing and pursuing the Administrative Appeal process. In the letter, Plaintiff
27  complains that he has attempted to appeal his denial of religious services and confiscation of
28  religious artifacts but the appeals were screened out at the informal level and by the appeals

coordinator. However, there is no indication that the letter was mailed, and the letter does not by itself demonstrate that Plaintiff submitted appeals concerning his claims. Also, Plaintiff does not establish that the appeals were improperly screened out. Moreover, Plaintiff did pursue an appeal in Appeal Log No. KVSP-O-09-00980 that was addressed at the First Level; however as previously discussed, Plaintiff failed to pursue the appeal to the Second and Third Levels of Review.

Pages 96-112 appear to be a Petition for Writ of Habeas Corpus concerning denial of religious services. However, the petition has no bearing on whether Plaintiff exhausted his administrative appeals.

Pages 113-135 concern issues of transfer and custody classification.

Page 136 appears to be a copy of a letter Plaintiff wrote to the appeals coordinator concerning alleged confiscations of items, but the items and the officers involved are not relevant to this action. Therefore, Exhibit 2 does not support Plaintiff's contention.

In Exhibits 3-6, Plaintiff attaches a number of documents, but they concern an attack by another inmate in 2008 while Plaintiff was housed at MCSP. The documents are totally irrelevant.

Exhibit 7 concerns the issues of transfer and/or custody classification and is irrelevant.

Exhibits 8 and 9 appear to be copies of a letter written by Plaintiff's daughter to the warden concerning events at MCSP, and the warden's response; they are irrelevant.

Exhibit 10 is a classification chrono concerning Plaintiff's classification following the assault at MCSP. The document is irrelevant.

Nothing is included as Exhibit 11.

Exhibit 12 is a newspaper clipping unrelated and irrelevant to the issue of exhaustion.

Exhibit 13 is merely a copy of the declaration of D. Tarnoff submitted by Defendants in support of the Motion for Summary Judgment.

Exhibit 14 is an appeal concerning the denial of religious services and counseling. However, this appeal too is left blank where Plaintiff would have included a statement in order to pursue the appeal to the formal level. Accordingly, the appeal shows that Plaintiff only pursued it to the informal level and failed to exhaust.

Exhibit 15 is a duplicate of Page 21 of Plaintiff's declaration.

Exhibit 16 is a request for interview with Defendant Alec concerning religious services, but it is not an inmate appeal and does not show Plaintiff submitted an appeal.

Exhibit 17 is left blank.

Exhibit 18 is comprised of documents concerning events while Plaintiff was housed at Pelican Bay State Prison in the 1990s. It is irrelevant to this case.

Exhibit 19 concerns appeals regarding confiscation of property in 2015 at R. J. Donovan Correctional Facility. The documents are irrelevant.

Exhibit 20 like Exhibit 19 concerns events in 2015 at R. J. Donovan.

Exhibit 21 consists of several inmate appeals by Plaintiff. None of them however concern the issues in this case.

Therefore, after reviewing Plaintiff's submission, the Court finds that there is no triable dispute over the fact that KVSP-O-09-00980 and KVSP-O-10-00815 were the only appeals received by KVSP concerning Plaintiff's allegations of denial or lack of religious services. Further, there is no dispute that KVSP-O-09-00980 was not submitted to the Second and Third Levels of Review. Nor is there a dispute that the Third Level Decision in KVSP-O-10-00815 was issued on October 28, 2010.

Defendants have persuasively argued that Plaintiff failed to exhaust his claims concerning the denial or lack of religious services. Plaintiff filed the two appeals identified above on the issue but neither of the appeals sufficed to exhaust the appeal process. First, KVSP-O-09-00980 was not submitted to the Third Level of Review as required for exhaustion. Cal.Code Regs. tit. 15, § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). Second, the appeal decision in KVSP-O-10-00815 was not issued until October 28, 2010, which was after Plaintiff filed suit in this case on May 5, 2010. Under the PLRA, Plaintiff must have completed the appeal process prior to filing suit. Jones, 549 U.S. at 211.

Defendants also submit that neither appeal mentions equal protection or claims that Native Americans were being denied religious services while others were not. Plaintiff attempts to dispute this fact, but the appeals speak for themselves and there is no mention of equal protection or complaints of disparate treatment.

11

1     Accordingly, the Court finds that Plaintiff failed to exhaust his First and Fourteenth
2 Amendment claims concerning the denial or lack of religious services at KVSP.
3     *b.  Retaliation by Defendant Garza*
4     Defendants submit that the four above-noted appeals were the only appeals submitted by
5 Plaintiff concerning the issues in this case, but none of the appeals concerned allegations of
6 retaliation by Defendant Garza.  Plaintiff attempts to dispute this fact by citing to paragraphs 27-29
7 of the TAC, paragraph 6 of his declaration, and Exhibits 1-3.
8     In paragraphs 27-29 of his TAC, Plaintiff alleges that he attempted to submit an inmate
9 appeal concerning the confiscation of religious artifacts.  Defendants do not dispute this and in fact
10 note that Appeal No. KVSP-O-10-00815 was submitted concerning the confiscation of religious
11 materials.  However, the appeal made no mention of retaliation by Defendant Garza.
12    As to Plaintiff's declaration and Exhibits 1-3, there is no mention of a retaliatory act done by
13 Defendant Garza that would show that Plaintiff submitted or attempted to submit an appeal
14 concerning Garza's alleged retaliation.
15    Accordingly, the Court finds that Plaintiff has failed to exhaust his claim of retaliation by
16 Defendant Garza.
17    *c.  Failure to Protect/Deliberate Indifference*
18    With respect to Plaintiff's allegations of deliberate indifference for failure to protect,
19 Defendants state that Plaintiff submitted only two appeals concerning the allegations: KVSP-O-10-
20 383 and KVSP-O-10-00254.  Plaintiff disputes this and cites to paragraphs 4-6 of his declaration.
21 But, there is nothing in paragraphs 4-6 or the exhibits that were referenced that tends to show
22 Plaintiff submitted or attempted to submit an appeal concerning the December 12, 2009, attack, apart
23 from the above two appeals.
24    It is undisputed that KVSP-O-10-00383 relates to Plaintiff's claim of deliberate indifference
25 for failure to protect.  Defendants further submit, and Plaintiff does not dispute, that KVSP-O-10-
26 00254 related to the unnecessary use of force but not to a failure to protect.  Likewise, Defendants
27 state without dispute that the Third Level of Review decision in KVSP-O-10-00383 was issued on
28 July 12, 2010, and the Third Level of Review decision in KVSP-O-10-00254 was issued on June 21,

2010. Both appeals were thus decided after Plaintiff had filed his suit on May 5, 2010. As noted above, Plaintiff must have completed the appeal process prior to filing suit, Jones, 549 U.S. at 211, or the claims are unexhausted.

In sum, it is undisputed that Plaintiff's claims of denial of religious services, retaliation, and failure to protect are unexhausted. Nevertheless, Plaintiff asserts that he should be excused from the exhaustion requirement because he was precluded from exhausting.

### 3. Unavailability of Remedies

Defendants have met their burden of raising and proving the absence of exhaustion. Thus the burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172, citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 (9th Cir. 1996) ("[T]he burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.") Plaintiff must meet this burden by showing ". . . more than the mere existence of a scintilla of evidence." In re Oracle Corp., 627 F.3d at 387 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

Here, Plaintiff argues that he was prevented from exhausting his claims by Defendants. In support of his contention, Plaintiff simply cites to Exhibits 1-18 of his declaration. As the Court previously discussed, most of the documentation is irrelevant to this case and does not tend to show Plaintiff submitted appeals concerning the underlying claims that were ignored or improperly screened out. Moreover, Plaintiff's argument is belied by the fact that he did fully exhaust his remedies as to his claims of deliberate indifference for failure to protect (KVSP-O-10-00383) and denial of religious services (KVSP-O-10-00815), but as previously discussed, he failed to do so prior to filing suit. Furthermore, Defendants have submitted evidence that Plaintiff was successful in obtaining a decision at the Third Level of Review for at least fifteen separate appeals while housed at KVSP between the relevant time period of 2009-2012. See Voong Decl., Ex. A. Accordingly, Plaintiff fails to meet his burden of demonstrating that administrative remedies were effectively unavailable to him.

### E. **RECOMMENDATION**

The Court therefore RECOMMENDS that Defendants' motion for summary judgment be GRANTED and Plaintiff's claims be DISMISSED without prejudice for failure to exhaust, thereby terminating this case.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **February 9, 2016**                        /s/ *Dennis L. Beck*
                                                     UNITED STATES MAGISTRATE JUDGE