UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HUBBARD, et al.,<br><br>Defendants. | No. 1:10-cv-00858-DAD-DLB<br><br>ORDER REQUIRING DEFENDANTS TO SUBMIT PROOF OF SERVICE |

Plaintiff Luis Valenzuela Rodriguez was a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint against defendants Biter, Phillips, Da Viega, Ozaeta, Betzinger, Gregory, Garza, Wegman, Alic, Speidell and Rankin on claims of violation of the free exercise clause of the First Amendment, violation of the equal protection clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, and deliberate indifference to plaintiff's safety in violation of the Eighth Amendment.

Defendants filed a statement of plaintiff's death on May 4, 2016 and represented to the court that "[a] copy of this notice was being served on C. Grenot, D. Rodriguez, and A. Garcia, in accordance with Rule 25(a)(3) of the Federal Rules of Civil Procedure." (Doc. No. 159 at 2.) These individuals are plaintiff's wife, brother, and daughter, respectively. (*Id.*) On August 15, 2016, the court observed defendant's notice was not accompanied by any supporting evidence

1

that service was made on these individuals. (Doc. No. 160.) Therefore, the court ordered defendants to supplement their notice. On August 23, 2016, defendants filed a declaration with supporting exhibits. (Doc. No. 161.) These exhibits show service was effected on Garcia, and was attempted on Grenot and Rodriguez, but neither of these individuals was actually served. (*Id.*)

Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, a party may be served with the suggestion of death by service on his or her attorney as provided for in Rule 5, while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided for in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

Rule 4 states a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In California, service of a summons may be effected by personal delivery, California Civil Procedure Code § 415.10, by leaving a copy of the summons at an office or residence with an appropriate person and thereafter mailing another copy to the same individual at the same address, § 415.20, by mail, § 415.30, or by publication, § 415.50. Additionally, failing these methods, a court in California may order a summons be served "in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. P. Code § 413.30.

Here, defendants filed a formal notice of plaintiff's death on May 4, 2016. (Doc. No. 159.) Defendants have produced evidence that plaintiff's daughter, Amelia Garcia, was served by personal delivery on May 7, 2016. (Doc. No. 161 at 4.) However, the evidence defendants supplied to the court shows that while personal delivery was attempted on plaintiff's wife, Caroline Grenot, and plaintiff's brother, David Rodriguez, neither were located at their respective addresses, and therefore, neither was served with notice. (Doc. No. 161 at 6, 8.) The attached documents do not indicate any other attempts were made to serve either Ms. Grenot or Mr. Rodriguez, both of whom appear to be non-party successors or representatives, by means other than personal delivery. The court views the facts as being contrary to defendants' representations that a copy of the notice was being served on all three of these individuals. (*See* Doc. No. 159 at 2.)

This court previously ordered defendants to supplement their notice with evidence of proper service. (Doc. No. 160.) Instead, defendants supplemented with evidence that they had served only one of the individuals indicated, along with evidence that they had failed to serve the other individuals. (Doc. No. 161.) As such, defendants have failed to comply with this court's prior order or with Rule 25(a)(3) in a manner that would allow the ninety-day period in which plaintiff's successors may seek substitution to start running. *See Barlow*, 39 F.3d at 233. If defendants are unable to effect personal service, despite repeated attempts, they may complete service via alternate means, as identified above. If none of the means of completing service specifically listed can be completed by defendants here, the Federal Rules of Civil Procedure incorporate a California statute which allows for the court to order service in any manner reasonably calculated to give actual notice to the person being served. *See* Fed. R. Civ. P. 4(e); Cal. Civ. P. Code § 413.30. Defendants may seek leave from the court to effectuate service in such a manner if they show they are unable to complete service in one of the ways set forth in the appropriate rules and state statutes identified above.

/////

/////

/////

3

For the reasons set forth above, defendants are HEREBY ORDERED to supplement their previously filed notice with evidence of proper service upon both Caroline Grenot and David Rodriguez within twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **September 8, 2016**

_____
UNITED STATES DISTRICT JUDGE