UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ, | No. 1:10-cv-00858-DAD-SAB |
| Plaintiff, | |
| v. | ORDER DISMISSING SUIT WITH PREJUDICE AND DIRECTING CLERK TO CLOSE CASE |
| HUBBARD, et al., | |
| Defendants. | |

Plaintiff here was a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a statement of plaintiff's death on May 4, 2016 and represented therein that "[a] copy of this notice was being served on C. Grenot, D. Rodriguez, and A. Garcia, in accordance with Rule 25(a)(3) of the Federal Rules of Civil Procedure." (Doc. No. 159 at 2.) These individuals are plaintiff's wife, brother, and daughter, respectively. (*Id.*) The assigned magistrate judge directed the defendants to file supporting evidence of service on August 15, 2016. (Doc. No. 160.) The defendants filed a declaration with supporting exhibits on August 23, 2016, showing Garcia was served but that neither Grenot nor D. Rodriguez had been served. (Doc. No. 161.) On September 9, 2016, this court noted such proof was insufficient given the representation that Grenot, D. Rodriguez, and Garcia had all been served, and directed defendants to supplement their previously filed notice with evidence of proper service upon both Grenot and D. Rodriguez. (Doc. No. 163.)

1

On September 29, 2016, defendants filed a declaration from their counsel, Deputy Attorney General Joseph R. Wheeler.  (Doc. No. 164.)  Deputy Attorney General Wheeler submitted proof Grenot was served on September 14, 2016.  (*Id.* at 4.)  However, Deputy Attorney General Wheeler declared that service need not be effected on D. Rodriguez, because Grenot is plaintiff's wife and would be the successor to his claims under California law.  (*Id.* at ¶ 3.)

"State law governs who receives a decedent's § 1983 claim."  *Estate of Cornejo ex rel. Solis v. City of Los Angeles*, 618 Fed. App'x 917, 919 (9th Cir. 2015)[1] (citing 42 U.S.C. § 1988 and *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978)).  Under California law, Rodriguez's claim survives his death and "passes to [his] successor in interest."  Cal. Civ. Proc. Code § 377.30; *see also* Cal. Civ. Proc. Code § 377.11 (successor in interest is "the beneficiary of the decedent's estate").  Under California law, if a person dies intestate,[2] the cause of action passes to "the sole person or all of the persons" dictated under California intestacy law.  Cal. Civ. Proc. Code § 377.10(b).  Under the rules of California's intestate succession, a surviving spouse receives all community property and one-half of separate property.  Cal. Prob. Code § 6401.  The remaining part of the estate passes first to decedent's children.  Cal. Prob. Code § 6402.  Only if the decedent has no surviving children or parents does the estate pass to decedent's siblings.  *Id.*

Here, Mr. Rodriguez had both a wife and a daughter, who were served with the required notice on September 14, 2016 and May 7, 2016.  (*See* Doc. Nos. 164 at 4; 161 at 4.)  Mr. Rodriguez's brother has not been served, but could not succeed to the cause of action in any event under California law.  Given that the death of Mr. Rodriguez has been suggested on the record, the suggestion of death has been served on his nonparty successors, and more than ninety days

/////

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[2] Nothing in the record indicates Mr. Rodriguez had a will.

1  has elapsed without a motion for substitution, the matter is hereby dismissed with prejudice. *See*

2  Fed. R. Civ. P. 25(a)(1); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

3      Accordingly, the Clerk of Court is directed to close this action.

4  IT IS SO ORDERED.

5  Dated: **January 10, 2017**         /s/ Dale A. Drozd

6                                                     UNITED STATES DISTRICT JUDGE